IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIDGET JACOBER,

    Plaintiff,

v.                                                             Civil No. 02-1585 WJ/ACT

TAXATION AND REVENUE
DEPARTMENT, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court on Defendants T. Glen Ellington, Jim Burleson and Jack Hiatt's Motion to Dismiss [Docket No. 18]. Having reviewed the submissions of the parties and the applicable law, I find the motion is well taken and will be granted.

**BACKGROUND**

On October 18, 2001, Plaintiff filed a Charge of Discrimination with the New Mexico Department of Labor, Human Rights Division (NMHRD). Plaintiff's Charge of Discrimination alleged violations of Title VII and the New Mexico Human Rights Act (NMHRA). The Charge of Discrimination named as respondent the State of New Mexico Taxation and Revenue Department (NMTRD). No other persons or entities were named as respondents in The Charge of Discrimination. However, the Statement of Harm and Statement of Discrimination within the Charge of Discrimination alleged that Plaintiff's "supervisor" discriminated against her. In an affidavit attached to the Charge of Discrimination, Plaintiff avers that her complaint of

discrimination is against NMTRD. The attached affidavit states that Plaintiff's supervisor is Jack Hiatt, states that Hiatt's supervisors are T. Glen Ellington and Jim Burleson, and outlines alleged discriminatory actions and/or failures to act by each of these named individuals.

On June 11, 2002, the NMHRD issued a Determination of No Probable Cause. Plaintiff filed a Notice of Appeal of the NMHRD Determination of No Probable Cause in the First Judicial District Court, County of Santa Fe, State of New Mexico on July 15, 2002. In her Notice of Appeal, Plaintiff included as parties Jack Hiatt, T. Glen Ellington and Jim Burleson. Defendants removed the action to federal court on the basis of federal question jurisdiction over Plaintiff's Title VII claim and supplemental jurisdiction over Plaintiff's state law claims.

Defendants Hiatt, Burleson and Ellington move to dismiss all claims against them. They urge that they are entitled to dismissal under Fed. R. Civ. P. 12(b)(6) of Plaintiff's claims pursuant to Title VII because there is no individual liability under Title VII. They contend that they are entitled to dismissal under Fed. R. Civ. P. 12(b)(1) of Plaintiff's claims pursuant to the New Mexico Human Rights Act because Plaintiff failed to exhaust her administrative remedies with regard to any claims against them.

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff. Bullington v United

Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).

A party may go beyond the allegations contained in the complaint and challenge the facts upon which jurisdiction depends. Sizova v. National Institute of Standards & Technology, 282 F3d 1320, 1324-25 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995). A Rule 12(b) motion to dismiss can challenge the substance of the complaint's jurisdictional allegation in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court. Sizova, 282 F.3d at 1324-25; New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495 (10th Cir. 1995). A court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. Sizova, 282 F.3d 1324-25; Holt, 46 F.3d at 1003.

**DISCUSSION**

I.   PLAINTIFF'S TITLE VII CLAIMS

Defendants Hiatt, Burleson and Ellington contend that Plaintiff has failed to state claims against them under Title VII because Title VII does not provide for individual liability. Defendants are correct that Title VII applies only to employers and does not provide for individual liability. See Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994) (citing Sauers v. Salt Lake City., 1 F.3d 1122, 1127 (10th Cir. 1993)). Therefore, these Defendants are entitled to dismissal of Plaintiffs Title VII claims as Plaintiff has failed to state a claim on which relief may be granted.

II.  PLAINTIFF'S CLAIMS UNDER THE NEW MEXICO HUMAN RIGHTS ACT

Defendants Hiatt, Burleson and Ellington argue that this Court lacks jurisdiction over

Plaintiff's claims against them pursuant to the New Mexico Human Rights Act because Plaintiff failed to exhaust her administrative remedies with regard to each of them. When a defendant is sued under the New Mexico Human Rights Act, the plaintiff must exhaust her administrative remedies before bringing an action in court. Luboyeski v. Hill, 872 P.2d 353, 355 (N.M. 1994). When a plaintiff fails to name an individual in her charge or complaint with the NMHRD, she has failed to exhaust her administrative remedies with regard to that defendant. See Mitchell-Carr v. McLendon, 980 P.2d 65, 69 (N.M. 1999).

Plaintiff argues that NMRA 1-076, a procedural rule promulgated by the New Mexico Supreme Court in 1996, has eliminated the exhaustion requirement of the NMHRA. Defendants contend that NMRA 1-076 does not eliminate the exhaustion requirement of the NMHRA. I find Defendants' arguments persuasive and conclude that NMRA 1-076 does not eliminate the exhaustion requirement of the NMHRA.

The New Mexico Supreme Court has made clear that the exhaustion requirement of the NMHRA is jurisdictional. Mitchell-Carr, 980 P.2d at 71. Thus, the exhaustion requirement is not a procedural element of the NMHRA that is subject to revision by the courts. See Ammerman v. Hubbard Broadcasting, Inc., 551 P.2d 1354, 1358 (N.M. 1976) ("When a Supreme Court rule and a legislative statute provide for conflicting procedure, the judicial rule controls.") Moreover, NMRA 1-076(C) and the exhaustion requirement of the NMHRA are not in direct conflict, and a determination that the exhaustion requirement has survived the promulgation of NMRA 1-076 does not render NMRA 1-076(C) void of any effect. In Phifer v. Herbert, the New Mexico Court of Appeals held that an employee who had not exhausted the grievance procedures of the NMHRA was not barred from bringing a claim for the tort of intentional infliction of emotional

4

distress. 848 P.2d 5 (N.M. App. 1993), overruled on other grounds by Spectron Dev. Lab., a Div. of the Titan Corp. v. American Hollow Boring Co., 936 P.2d 852 (N.M. App. 1997). NMRA 1-076 would appear to permit such a claim and additional parties for that claim to be joined with a properly exhausted claim brought pursuant to the NMHRA. Thus, NMRA 1-076(C) and the exhaustion requirement of the NMHRA may harmoniously coexist.

My conclusion that NMRA 1-076 does not eliminate the exhaustion requirement of the NMHRA does not end the inquiry on Defendants' motion to dismiss the NMHRA claims. Defendants are entitled to dismissal of Plaintiff's claims only if Plaintiff failed to exhaust her administrative remedies under the NMHRA with regard to each of the individual Defendants. The Court cannot dismiss the claims against the Defendants if Plaintiff exhausted her administrative remedies even if Plaintiff did not make an adequate argument that she had successfully exhausted her administrative remedies. See Mountain Fuel Supply Co. v. Johnson, 586 F.2d 1375, 1382 (10th Cir. 1978) (stating that a motion to dismiss for lack of subject matter jurisdiction should be denied even when an allegation of jurisdiction is insufficient or entirely lacking if there are facts from which jurisdiction may be inferred).

This Court has previously addressed the issue of exhaustion under the NMHRA with regard to particular parties under facts indistinguishable from the facts of this case. In Perez v. Central Regional Educational Cooperative, Civil No. 01-545, the plaintiff filed a Charge of Discrimination with the NMHRD that named the Central Regional Educational Cooperative as the respondent. The body of that document alleged that plaintiff was severely abused by the "Executive Director." Only in an affidavit attached to the Charge of Discrimination did the plaintiff specifically name the Executive Director. In a Memorandum Opinion and Order filed

5

March 4, 2003 in Civil No. 01-545 [Docket No. 144], I found that there was an adequate factual basis upon which to find that the plaintiff had exhausted her administrative remedies under the NMHRA with regard to the executive director.  As in <u>Perez,</u> the facts in this case with regard to the issue of exhaustion are sufficient to withstand Defendants' Motion to Dismiss.  Therefore, Defendants' motion will be denied with regard to Plaintiff's claims under the New Mexico Human Rights Act.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants T. Glen Ellington, Jim Burleson and Jack Hiatt's Motion to Dismiss [Docket No. 18] is hereby GRANTED IN PART in that Plaintiff's Title VII claims are dismissed with regard to these Defendants.

IT IS FURTHER ORDERED that Defendants T. Glen Ellington, Jim Burleson and Jack Hiatt's Motion to Dismiss [Docket No. 18] is hereby DENIED IN PART with regard to Plaintiff's claims under the New Mexico Human Rights Act against these Defendants.

_____
UNITED STATES DISTRICT JUDGE